IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED IN OPEN COURT
AUG 2 4 2012
CLERK, U.S. DISTRICT COURT NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| | Criminal No. 2:12cr131 |
| v. | 18 U.S.C. § 371<br>Conspiracy<br>(Count One) |
| VLADYSLAV STETSYUK<br>a/k/a "Vladislav Stetyuk"<br>and "John Cool"<br><br>Defendant. | 18 U.S.C. § 1546(a)<br>Visa Fraud<br>(Count Two) |
| | 18 U.S.C. § 1015(a)<br>False Statements Related to<br>Naturalization or Citizenship<br>(Count Three) |
| | 18 U.S.C. § 1519<br>Falsification of Records<br>(Counts Four-Seven) |

## INDICTMENT

August 2012 Term – At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### Introductory Allegations

At all times material to all counts of the indictment:

### Defendant

1. Defendant VLADYSLAV STETSYUK (STETSYUK), a Ukrainian national, entered the United States on a J-1 visa on April 16, 2009 and then proceeded to apply for several other non-immigrant visas since that date. On October 14, 2009, he received another J-1 visa; on April

20, 2010, he was approved for an F-1 visa; on January 14, 2011, he was granted a B-2 visa, and on March 28, 2011, he filed another B-2 visa, which was denied on May 23, 2011. On March 29, 2011, an Application for Asylum and for Withholding of Removal was filed on behalf of I.Z. who is a Moldovan national and STETSYUK was listed as her spouse and derivative beneficiary.

### J1 Visa Petitioning Process

2. Aliens who are eligible for lawful entry into the United States via a J-1 Exchange visitor visa must 1) have a residence in a foreign country; 2) which they have no intention of abandoning; and 3) must be a bona fide student, scholar, trainee, teacher, professor, research assistant, specialist, or leader in a field of specialized knowledge or skill, or other person of similar description, who is coming <u>temporarily</u> to the United States as a participant in a program designated by the Director of the United States Information Agency, for the purpose of teaching, instructing or lecturing, studying, observing, conducting research, consulting, demonstrating special skills, or receiving training.

3. The petitioning alien must submit a properly executed Form DS-2019, Certificate of Eligibility for Exchange Visitor Status which documents that the alien has been accepted to participate, and intends to participate, in an exchange visitor program designated by the Bureau of Education and Cultural Affairs of the Department of State.

4. The Summer Travel/Work program authorized by the Department of State is designed for bonafide post-secondary school students in their home countries to have the opportunity to work and travel in the United States for a four month period during their summer vacations. Extensions of program participation are not permitted; however, STETSYUK was granted another J-1 visa on September 14, 2009, which was followed by several other non-immigrant visas.

### Application for Asylum

5. Aliens who wish to become lawful permanent residents of the United States and eventually become naturalized United States citizens may avoid the numerical restrictions on the number of immigrants allowed in the United States, as well as certain visa and other requirements imposed by the law, by petitioning for asylum.

6. Aliens who wish to apply for asylum in the United States bear the burden of proving that they are a refugee as defined in 8 United States Code Section 101(a)(42). The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution.

7. Title 8 United States Code Section 101(a)(42) defines refugee as any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8. An asylum applicant must file a Form I-589, Application for Asylum and for Withholding of Removal, within one year of their last entry into the United States. Applicants can also apply for derivative status for their spouses and children.

9. Applicants are required to provide as much detail as possible as to the reasons for seeking asylum in the United States. Accordingly, most applicants file supporting documents, as part of their Form I-589 filing, to support their claim, including, but not limited to: arrest reports, photos, proof of political or social membership, and documents on protests or demonstrations. Information provided in the application may be used as a basis

for the initiation of removal proceedings or to satisfy any burden of proof in exclusion, deportation, or removal proceedings.

10. The applicant, all derivative beneficiaries, and anyone other than a spouse, parent, son, or daughter of the applicant who assists the applicant in preparing the application must sign the application under penalty of perjury. The signatures establish a presumption that all parties are aware of the contents of the application.

11. Title 18 United States Code Section 1546 provides that knowing placement of false information on the application, including the supporting documents, is a crime.

## COUNT ONE

The allegations contained in paragraphs one through eleven of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

**At all times material to this criminal indictment**

The Department of Homeland Security (DHS) United States Citizenship and Immigration Services (USCIS) and the Department of State (DOS) are government agencies that oversee lawful immigration to the United States. USCIS and DOS adjudicate the petitions and applications of potential immigrants and potential non-immigrant entrants into the United States. These agencies are therefore responsible for administrating, regulating, and enforcing the various visa programs, petitions and applications available to aliens desiring to temporarily visit of immigrate to the United States, including: the J1 exchange visitor visa, the F-1 student visa, the B-2 visitor visa, and the I-589 Petition for Asylum and Withholding of Removal.

**The Conspiracy and Its Objects**

From the period on or about December 2010 and continuing until the present date, in the Eastern District of Virginia and elsewhere, the defendant VLADYSLAV STETSYUK

(STETSYUK) and I.Z., his wife, knowingly and unlawfully combined, conspired, and agreed together to commit one or more of the following offenses, that is:

   a. To make under oath, and as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, and to knowingly subscribe as true, false statements with respect to a material fact in applications, affidavits and other documents required by the immigration laws and regulations prescribed thereunder, and to knowingly present such applications, affidavits and other documents containing false statements, in violation of Title 18, United States Code, Section 1546(a);

   b. To knowingly make false statements under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens in violation of Title 18 United States Code, Section 1015(a);

   c. To knowingly alter, falsify and make a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United States in violation of Title 18, United States Code, Section 1519.

### Ways, Manners, and Means of the Conspiracy

It was part of the conspiracy that the defendant and others would by deceit, craft, trickery and dishonest means, defraud the United States by interfering and obstructing the lawful government functions of the DOS and USCIS, in that the defendants would engage in the following behavior:

   a. The defendant STETSYUK and I.Z. illegally attempted to gain permanent residence in the United States by filing fraudulent petitions for asylum.

b. The defendant fabricated supporting documentation and stamped the documents with counterfeit seals he created for the purpose of circumventing the immigration laws.

c. It was part of the conspiracy that defendant STETSYUK and I.Z. filed a fraudulent asylum petition for the purpose of gaining lawful permanent residence in the United States.

## OVERT ACTS

In furtherance of this conspiracy one or more of the following acts were committed in the Eastern District of Virginia and elsewhere:

1. On or about October 17, 2010, STETSYUK placed an order with D.R.S. stamp company for six (6) custom rubber stamps, each depicting official looking government seals from the country of Moldova. On or about November 8, 2010, STETSYUK placed another order for nine (9) custom rubber stamps, four (4) of which he later cancelled. The address listed for these orders was Vladyslav Stetsyuk, XXX 16th Street, Apt. X, Virginia Beach, VA 23451. In total, STETSYUK purchased eleven (11) custom rubber stamps from this company, all of which depicted official looking seals and other images indicative of official paperwork from the country of Moldova.

2. On or about December 1, 2010, STETSYUK attempted to purchase eight (8) wooden customized hand stamps and two ink pads from C.I. stamp company. The address he listed for this order was Vladislav Stetyuk, XXX 16th Street Apt. X, Virginia Beach, VA 23451. For each of the eight (8) stamps, STETSYUK uploaded a customized graphic for which the stamp would depict. The custom graphics were of eight official looking seals which contained writing in a foreign language. The seals were translated into English and they were determined to be seals of institutions, including: the Republic of Moldova Education Institution; the Republic of Moldova

Health Departments; the Academy of Transportation, Information Technology, and Communications; and the Ministry of Internal Affairs of the Republic of Moldova Police Stations (from multiple cities).

    3. On or about December 1, 2010, STETSYUK ordered eight (8) custom rubber stamps, each depicting official looking government seals from the country of Moldova from H.S.S. stamp company. STETSYUK told the company, via email, to "make them cheapest stamp (wood rubber). Make it on square board 1pt. size 1,7' X 1,7' or close. Ship it today overnight." In another email STETSYUK said, "the square one make like 1.8 X 2.1 or close look like that."

    4. On or about February 17, 2011, under the alias name John Cool, STETSYUK purchased six (6) more custom rubber stamps depicting official looking seals from the country of Moldova from the same company. The delivery address for both orders was XXX 16th Street, Apt. X, Virginia Beach, VA 23451

    5. In or about the spring and summer of 2011, I.Z. and STESYUK exchanged electronic messages to coordinate the fabrication of false Moldovan documents to accompany a form I-589 application for asylum..

    6. On or about August 2, 2010, STESYUK and I.Z. submitted a form I-589 for asylum which included seals bearing the exact image of at least five (5) of the eight (8) stamps STETSYUK purchased from the H.S.S stamp company in December 2010 and February 2011.

    (All in violation of 18 U.S.C. Section 371.)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

    1.    The allegations contained in paragraphs one through eleven of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, defendant VLADYSLAV STETSYUK, under penalty of perjury, knowingly subscribed as true, and willfully caused the subscription of a false statement with respect to a material fact in the Petition for Asylum, Form I-589, which application was required by the immigration laws and regulations prescribed there under, and presented, and willfully caused the presentation of, such application which contained false statements, to wit:

a. Defendant VLADYSLAV STETSYUK and his wife I.Z. filed, with the United States Citizenship and Immigration Services, an affidavit of support for I.Z.'s asylum application stating that I.Z. had been persecuted in Moldova for her involvement in anti-communist opposition parties and she feared that if she returned to Moldova she would be subjected to "further beatings, arrests, tortures" or that she would "be killed."

b. To support these statements, Defendant VLADYSLAV STETSYUK and his wife I.Z. filed with the United States Citizenship and Immigration Services, falsified documents which contained forged government and official seals. The forged documents include, but are not limited to: a false police report stamped with a seal purchased by VLADYSLAV STETSYUK VLADYSLAV STETSYUK, a falsified letter recognizing I.Z. as a member of the Political Party Alliance "Our Moldova" stamped with a seal purchased by VLADYSLAV STETSYUK, and falsified medical reports depicting official stamps and seals purchased by VLADYSLAV STETSYUK.

(In violation of Title 18, United States Code, Sections 1546(a) and 2.)

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through eleven of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, VLADYSLAV STETSYUK, did knowingly make false statements under oath, in a case, proceeding and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that VLADYSLAV STETSYUK declared on a Form I-589, Application for Asylum and for Withholding of Removal, for which he was a derivative beneficiary, that the application and the evidence submitted with it were all true and correct, when he knew it contained falsified documents and forged official seals.

(In violation of Title 18, United States Code, Sections 1015(a) and 2.)

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through eleven of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, VLADYSLAV STETSYUK, the defendant, knowingly altered, falsified and made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United

States, that is, the Department of Homeland Security, and in relation to and contemplation of any such matter, in that the defendant, altered, falsified and made false entries in a Form I-589, including causing the affixation of a false, forged and counterfeit stamp on the Application for Asylum and for Withholding of Removal, including a supporting document that falsely represented that the defendant's wife I.Z. was a member of the political party Moldova Noastra "Our Moldova".

(In violation of Title 18, United States Code, Sections 1519 and 2.)

## COUNT FIVE

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through eleven of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, VLADYSLAV STETSYUK, the defendant, knowingly altered, falsified and made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United States, that is, the Department of Homeland Security, and in relation to and contemplation of any such matter, in that the defendant, altered, falsified and made false entries in a Form I-589, including causing the affixation of a false, forged and counterfeit stamp on the Application for Asylum and for Withholding of Removal, including a supporting document that falsely represented that the defendant's wife I.Z. was detained by police for committing an administrative violation during an anti-communist action.

(In violation of Title 18, United States Code, Sections 1519 and 2.)

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through eleven of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, VLADYSLAV STETSYUK, the defendant, knowingly altered, falsified and made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United States, that is, the Department of Homeland Security, and in relation to and contemplation of any such matter, in that the defendant, altered, falsified and made false entries in a Form I-589, including causing the affixation of a false, forged and counterfeit stamp on the Application for Asylum and for Withholding of Removal, including a supporting document that falsely represented that the defendant's wife I.Z. was treated for kidney damage and abrasions in the soft facial tissues and other areas of her body.

(In violation of Title 18, United States Code, Sections 1519 and 2.)

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

1. The allegations contained in paragraphs one through eleven of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2. On or about March 29, 2011, in the Eastern District of Virginia and elsewhere, VLADYSLAV STETSYUK, the defendant, knowingly altered, falsified and made a false entry in a record and document with the intent to impede, obstruct and influence the investigation and proper administration of a matter within the jurisdiction of a department or agency of the United States, that is, the Department of Homeland Security, and in relation to and contemplation of any such matter, in that the defendant, altered, falsified and made false entries in a Form I-589, including causing the affixation of a false, forged and counterfeit stamp on the Application for Asylum and for Withholding of Removal, including a supporting document that falsely represented that the defendant's wife I.Z. may be expelled from the Slavic University of the Republic of Moldova if she participated in future unapproved political demonstrations.

(In violation of Title 18, United States Code, Sections 1519 and 2.)

United States v. Vladyslav Stetsyuk
Criminal No. 2:12cr131

*Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.*

A TRUE BILL:

_____
FOREPERSON

Neil H. MacBride
United States Attorney

By: _____
Joseph E. DePadilla
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address - joe.depadilla@usdoj.gov